UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:13-CR-45-TAV-DCP-38 ) |
| STACEY YVETTE JETT, | ) ) |
| Defendant. | ) |

## **ORDER**

Before the Court is defendant's pro se motion for early termination of supervised release [Doc. 1932]. On July 16, 2013, defendant pleaded guilty to Count One of the indictment charging conspiracy to manufacture fifty (50) grams or more of methamphetamine [Docs. 522, 565]. The Court sentenced defendant to eighty-four (84) months' imprisonment—which was subsequently lowered to sixty-seven (67) months—to be followed by five (5) years of supervised release [Docs. 1022, 1571]. Defendant has completed approximately thirty (30) months of her term of supervised release. On May 27, 2020, the Court received a letter from defendant asking the Court to prematurely terminate her supervised release [Doc. 1932]. In support of her request, defendant states that she is thankful for the lessons she learned during her period of incarceration. Specifically, she credits her participation in the Bureau of Prisons' residential drug abuse program as the reason she has been successful since her release. She reports that she has submitted all negative drug screens while on supervised release. She also states that she has maintained gainful employment, which has allowed her to become more financially

stable and responsible.  Additionally, defendant has reconnected with her family, members of whom wrote letters to the Court in support of defendant's motion.

The United States Probation Office has confirmed that defendant has maintained stable employment and passed all drug screens.  Defendant's probation officer also states that defendant has not incurred any new convictions or technical violations while on supervision.  The officer also notes that there is a presumption under the Guide to Judiciary Policy in favor of recommending early termination for persons who meet certain qualifications, which she believes defendant has satisfied.  Thus, the officer has no objection to defendant's motion for early termination of supervised release.  The government likewise does not oppose defendant's request for early termination.

Title 18, § 3583(e)(1) of the United States Code provides as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)–
> (1)    terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

18 U.S.C. § 3583(e).  After carefully considering the requirements of the statute, the Court finds that the relevant provisions of 18 U.S.C. § 3553(a) support early termination of defendant's supervised release at this time.  In support of this conclusion, the Court notes that defendant has served thirty (30) months of her five-year supervised release term, has

complied with all conditions of her supervised release, and demonstrates an ability to comply with the law and maintain stable employment and a stable residence.

Accordingly, the Court "is satisfied that [early termination] is warranted by the conduct of defendant released and the interest of justice," 18 U.S.C. § 3583(e)(1), and hereby **GRANTS** defendant's motion [Doc. 1932]. Defendant's term of supervised release is **TERMINATED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE